STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2025 CA 0020

SPI MINI MART, INC.

VERSUS

ALCOHOLIC BEVERAGE CONTROL BOARD FOR THE CITY OF
BATON ROUGE AND PARISH OF EAST BATON ROUGE

Judgment Rendered: **AUG 05 2025**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C746163, Section 33

Honorable Eboni Johnson-Rose, Judge Presiding

* * * * *

Druit G. Gremillion, Jr.
Baton Rouge, LA

Attorney for Plaintiff-Appellee,
SPI Mini Mart, Inc.


Aislyn C. Grimm
Courtney King Humphrey
Baton Rouge, LA

Attorneys for Defendant-Appellant,
Alcoholic Beverage Control Board for
the City of Baton Rouge, Parish of
East Baton Rouge


* * * * *

**BEFORE: McCLENDON, C.J., LANIER AND BALFOUR, JJ.**

**BALFOUR, J.**

The Alcoholic Beverage Control Board ("ABC") for the City of Baton Rouge and Parish of East Baton Rouge, sent a 17-year-old confidential informant ("CI"), claiming to be of legal age, to purchase alcohol as a compliance check on SPI Mini Mart, Inc. ("SPI"). Because SPI sold alcohol to the underage CI, ABC suspended SPI's Class B permit and assessed a fine. SPI sought an appeal of ABC's decision with the 19th Judicial District Court. The district court reversed ABC's decision and entered a judgment in favor of SPI, finding that the CI's statement that he was of legal age to make the purchase constituted entrapment. ABC appeals to this Court and asserts that the CI's interaction with the employee did not constitute entrapment. ABC also contends the district court's *de novo* review was improper. For the following reasons, we dismiss the appeal.

## Facts and Procedural History

On February 27, 2024, ABC, in conjunction with the Baton Rouge Police Department's Juvenile and Underage Drinking Enforcement ("JUDE") task force, conducted a compliance check at SPI following multiple complaints of underage alcohol sales in the area. As part of the operation, a vetted 17-year-old CI entered SPI to purchase a beer. The transaction was monitored by ABC and JUDE officers stationed outside SPI. The employee on duty asked the CI for his identification ("ID"), to which the CI responded that he did not have his ID. After further inquiry, the CI verbally provided a birth year of 2000, suggesting he was at least 23 years old at the time. Relying on this statement, the employee proceeded with the sale.

Following the sale, officers entered the store and issued citations to SPI for violations of Section 9:1017(A) and Section 9:1013(4) of the Code of Ordinances of the City of Baton Rouge, Louisiana.[1] A hearing on the violations was held before

---

[1] The SPI employee was also issued a criminal summons for unlawful sales to persons under twenty-one years of age, which is not on appeal.

the ABC Board on March 21, 2024. ABC unanimously sustained the violations, imposed a fine of $600 for allowing an unlicensed person to sell alcohol, a fine of $250 for unlawful sales to a minor, and suspended SPI's class B permit[2] for 60 days, effective March 25, 2024. SPI subsequently paid a total fine of $900, which included a $50 late fee.

SPI appealed ABC's decision to the district court, filing a Petition for Trial *De Novo* pursuant to La. R.S. §33:4788. SPI argued in its petition that the CI's misrepresentation of his age constituted entrapment and violated ABC policies prohibiting deception in compliance checks. A trial was held on May 6, 2024. After a trial *de novo*, the district court found that the CI's actions constituted entrapment, finding it to be an affirmative defense that negated SPI's liability for the violations. On May 6, 2024, the district court vacated ABC's decision, reinstated SPI's alcohol license, and ordered a refund of the $900 fine. The judgment was signed on May 13, 2024.[3] ABC now appeals.

## Law and Discussion

In the instant appeal, SPI filed a motion to dismiss, urging this court that ABC failed to timely file this appeal relying on La R.S. 33:4788.

> The holder of the permit who is aggrieved by a decision of the governing body of the municipality or parish or a municipal alcoholic beverage control board to suspend or revoke his permit, may within ten days of the notification of the decision take a devolutive appeal to the district court having jurisdiction of his place of business and on such appeal the trial shall be de novo. Within *ten calendar days* from the signing of the judgment by the district court the municipality or parish

---

[2] Louisiana Revised Statutes 26:271.4: "Package house-Class B permit"

> Notwithstanding any provisions of law to the contrary and subject to rules promulgated by the commissioner, in addition to the authority to contract with a third-party delivery company or a third-party platform as provided in R.S. 26:308, a permit may be issued to a grocery store enabling the delivery of alcohol as defined in R.S. 26:2 and 241(1)(a) with its own employees or agents for which the retailer is required to file an Internal Revenue Service Form W-2 or 1099. Notwithstanding the provisions of R.S. 26:271(A)(2), the permit fee for the permit issued pursuant to this Section shall be two hundred fifty dollars.

[3] The case was originally filed as a suspensive appeal and was converted to a devolutive appeal on August 19, 2024.

3

governing authority, a municipal alcoholic beverage control board or the holder of the permit, as the case may be, may devolutively appeal from the judgment of the district court to the court of appeals as in ordinary civil cases.

(Emphasis added.)

We find this statute is applicable. Moreover, the Alcoholic Beverage statute section, La. R.S. 26:303(B)[4] mirrors La R.S. 33:4788 and provides the same delay to file an appeal to this Court. Both statutes state that an appeal must be taken within ten calendar days from the signing of the judgment. Herein, the district court signed the judgment at issue on May 13, 2024. ABC had until May 23, 2024, to file an appeal. This appeal was lodged on June 5, 2024 – clearly, not within ten calendar days.

The issue of timeliness is jurisdictional and must be considered. *Puff It Up, Inc. v. Alcoholic Beverage Control Board for the City of Baton Rouge*, 2024-0479 (La. App. 1 Cir. 12/27/24), 404 So. 3d 60, 62. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. *Id.* Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. *Id.* As such, this Court has no jurisdictional power or authority to reinstate ABC's imposed fine.

---

[4] Louisiana Revised Statute §26:303(B) provides, in pertinent part:

> Within *ten calendar days* of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.

(Emphasis added.)

## Conclusion

For these reasons, we grant SPI's motion to dismiss the appeal. The May 13, 2024 judgment is dismissed. Costs of this appeal in the amount of $1,081 are assessed to the Alcoholic Beverage Control Board for the City of Baton Rouge and Parish of East Baton Rouge.

**APPEAL DISMISSED.**